UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| STACIA HARTWELL, as Guardian Ad Litem for JRH, a minor,<br>　　　　　Plaintiff,<br>　v.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br>　　　　　Defendant. | Case No. EDCV 12-01652 (SH)<br><br>MEMORANDUM DECISION AND ORDER |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief in Support of Complaint ("Plaintiff's Brief"); Defendant's Brief In Support of

Defendant's Answer ("Defendant's Brief")), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On March 13, 2009, plaintiff Stacia Hartwell filed applications for Supplemental Security Income and for other benefits and medical assistance under the Social Security Act on behalf of her son, minor JRH ("claimant"), alleging that his disability began on October 18, 2008. (See Administrative Record ["AR"] 114-115). On June 7, 2011 (following a hearing on May 4, 2011), an Administrative Law Judge ("ALJ") issued a decision. The ALJ found that claimant was not disabled within the meaning of the Social Security Act because he did not have an impairment or combination of impairments that resulted in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning. (See AR 13-25).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 1-3), plaintiff filed an action in this Court.

Plaintiff makes two challenges to the ALJ's decision. First, she alleges the ALJ erred by failing to obtain informed waiver of her right to representation at the hearing. Second, she claims that the ALJ improperly considered the record with respect to claimant's academic abilities and his ability to relate to others.

## DISCUSSION

### ISSUE NO. 1

Plaintiff argues that the ALJ impermissibly failed to obtain an informed waiver of plaintiff's right to representation and that as such, consideration of her claim was prejudiced. She claims that she repeatedly explained to the ALJ that she did not understand the proceedings, did not know what was expected of her, and did not understand the technical aspects of the case, including the medical expert's testimony.

Plaintiff contends that as a result, the ALJ did not properly develop the record. Defendant asserts that plaintiff knowingly elected to waive her right to representation by signing a form at a prehearing conference when plaintiff was not prepared to move forward with the hearing.

The Ninth Circuit has held that lack of counsel in a social security benefits hearing requires remand only if the claimant can demonstrate prejudice or unfairness in the administrative proceeding.[1] <u>Vidal v. Harris</u>, 637 F.2d 710, 713 (9th Cir. 1981)("Lack of counsel does not affect the validity of the hearing and hence warrant remand, unless the claimant can demonstrate prejudice or unfairness"). When a claimant is not represented by counsel, the ALJ has a special duty to "scrupulously and conscientiously probe into, inquire of, and explore all relevant facts, and he must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." (<u>Id.</u>)

Here, the ALJ determined that although plaintiff came unrepresented, the hearing should nonetheless continue. In reaching this conclusion, the ALJ explicitly noted that at the prehearing conference on December 10, 2010, plaintiff signed a written waiver of her right to appear with a representative unless a representative was appointed before the hearing.[2] (AR 13; <u>see</u> AR 95). During the hearing, the ALJ explained that plaintiff had not managed to obtain representation prior to the hearing date so under her waiver, she could no longer seek continuances to try and retain an attorney. The ALJ further

---

[1] Plaintiff cites to Ninth Circuit and a number of non-Ninth Circuit cases to argue that her lack of representation at the hearing was problematic. To the extent that she bases her claim on those cases outside of the Ninth Circuit, the Court does not consider them in its analysis as the law within this Circuit has long been established. <u>See</u>, e.g., <u>Cox v. Califano</u>, 587 F.2d 988, 991 (9th Cir. 1978).

[2] The Court notes that plaintiff does not argue that her signature on the waiver was obtained through improper means or that she did not know what she was signing. In addition, the record does not provide any reason to doubt the waiver's validity. She also does not argue that she did not know about her right to counsel, nor can she do so genuinely. The record clearly shows plaintiff was provided adequate information about her right to representation and how to obtain the assistance of an attorney. (<u>See</u> AR 75, 77, 85, 97, 102).

3

explained to plaintiff that to grant another continuance would mean inconveniencing claimants in other cases. (AR 31-32).

Even assuming that plaintiff's waiver of representation was improper, it was nonetheless immaterial. First, the ALJ acted in a way that protected claimant's interests. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)(explaining the independent duty of the ALJ to assure that a claimant's interests are considered and act diligently to protect those interests when the claimant is unrepresented). He allowed plaintiff time at the conclusion of the hearing to examine the exhibits and write down any objections she had. (AR 33, 52.) When plaintiff complained that she had difficulty understanding the medical expert's testimony, the ALJ explained in detail the two ways in which minors can qualify for social security benefits. (AR 39-40, 46-49). He also allowed her multiple opportunities to testify to anything that might be of importance to claimant's case and even told her to "take your time." (AR 45, 50).

Second, as stated before, the Ninth Circuit has ruled that the claimant's lack of representation is problematic only if she was prejudiced by the hearing. Vidal, 637 F.2d at 713. Here, plaintiff seems to argue that she was prejudiced by the absence of counsel because the ALJ improperly characterized and considered the record. (See Plaintiff's Brief at 5-6.) For reasons explained below, this contention is unavailing.

**ISSUE NO. 2**

Plaintiff contends that the ALJ misstated evidence regarding claimant's medical and school records when determining his functional equivalence of the listings.[3]

---

[3] To determine whether a child's impairments functionally equal the listings such that he would qualify for benefits, the ALJ is to assess the functional limitations caused by the child's impairments. The ALJ will consider how the child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. See 20 C.F.R. § 416.926a(a)-(b)(1). At issue are domains (1), (2), (3) and (6). (See AR 19-24).

Defendant counters that the ALJ properly considered and characterized the evidence and that his findings were supported by substantial evidence.

The long-settled rule is that a court "will not set aside the denial of a disability claim unless the Secretary's findings are not supported by substantial evidence in the record as a whole." Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012)(citing Stone v. Heckler, 761 F.2d 530, 531 (9th Cir. 1985)).  Therefore, plaintiff carries the burden of showing that the ALJ's decision was not supported by substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989)("The burden of proof rests upon claimant.")).

Plaintiff first disputes the ALJ's consideration of academic evidence, arguing that claimant has actually been performing at lower than an average or adequate academic level.  Plaintiff cites to the fact that claimant attended special education classes with testing accommodations and that he gets frustrated and overwhelmed with grade level standards.  (Plaintiff's Brief at 6-7).  She also points to his D letter grades in classes like math, English writing, and English reading.  (Id. at 7).

As an initial matter, plaintiff concedes that claimant has average IQ scores.  (Id. at 6-7).  Although plaintiff correctly notes that a report from December 2, 2010 found claimant overwhelmed and frustrated with grade level standards, the very same report noted that he read and comprehended at grade level, he did not have processing disorders in the areas of visual, auditory, memory or conceptualization, and it found that he was mainstreamed for lunch, computers, PE, recess and English language arts classes.  (AR 246-248).

With respect to claimant's grades, as defendant persuasively argues, claimant did receive Ds but only because he was not turning in work or failed to complete assignments.  (Defendant's Brief at 9; see AR 249).  Additionally, he scored advanced on language arts and math subjects for state-mandated academic testing.  (AR 246).

5

At best, the record shows that claimant may have a mild limitation with respect to acquiring and using information given his academic record.  Even if the Court were to assume this was the case, such an assumption would not entitle plaintiff to relief since the functional listings require "marked and severe limitations" in two domains or an "extreme" limitation in one domain.  See 20 C.F.R. § 416.926a(d).  Furthermore, "when evidence is susceptible to more than one rational interpretation, it is the conclusion of the ALJ that must be upheld."  Morgan v. Comm'r of Soc. Sec. Admin, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff also disputes the ALJ's finding that claimant was less than markedly limited in interacting and relating with others.  She points to a history of behavioral problems, including classroom disruptions and outbursts, threatening others with physical injury, and not listening to classroom instructions.  (Plaintiff's Brief at 8-10).

The ALJ found that although there was a long history of problems dealing with peers, siblings, and adults at home and at school, claimant's behavior improved in 2009 with the treatment of his seizures.   In addition, he noted that claimant was not referred for further evaluation or treatment despite continuing complaints, and there was no indication of disciplinary action being taken at school.  (AR 22).

The ALJ's findings are supported by substantial evidence in the record.  The record indicates that in 2009, claimant's behavior improved.  For example, a psychological evaluation in July 2009 described him as "pleasant and cooperative throughout the evaluation.  He appeared to make an adequate effort on the tasks presented to him."  (AR 214).  The same report concluded that claimant's ability to socially integrate with his peers in an age appropriate manner was not impaired.  (AR 217).  A psychoeducational report from November 2009 indicated that with respect to claimant's social skills, he "has friends, interacts on his own terms, [and] makes impulsive choices."  (AR 239).  Older assessments also describe claimant as "friendly" and "quite cooperative," noting that he "is generally well behaved," but has been known to "act aggressively toward another

6

child who takes a preferred toy." (AR 185). Finally, the record contains additional references to claimant's participation in group social activities, like martial arts classes. (AR 246).

Although it is true that claimant's record at school contains a number of disciplinary reports (see, e.g., AR 256-259), including a letter from the Food Service Manager at claimant's school reporting that he was causing problems at the after-school program, the very same letter described claimant as a "great boy with a wonderful sense of humor." (AR 177). Again, when the evidence supports multiple rational interpretations, the ALJ's findings are entitled to deference. Morgan, 169 F.3d at 599. Therefore, plaintiff has failed to prove that the ALJ improperly characterized the evidence and that his findings were not supported by substantial evidence.

## ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

DATED: April 30, 2013

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE